990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Duan Alexander HILL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Manuel DONELSON, Defendant-Appellant.
 Nos. 92-50440, 92-50445.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 4, 1993.*
Decided March 16, 1993.
 
 Before SCHROEDER, DAVID R. THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants Donelson and Hill were subjected to patdown searches at Los Angeles International Airport upon their return to the United States from Belize. The searches revealed that each was carrying a package containing cocaine. Appellants moved jointly to suppress this evidence on the grounds that the facts known to the customs inspectors when the searches were conducted were insufficient to give rise to a reasonable suspicion that they were carrying narcotics. The district court held a hearing on the matter, at the conclusion of which it denied appellants' motion. They appeal after entering conditional guilty pleas to charges of conspiracy to import cocaine and importation of cocaine. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]
 
 
 3
 We review the district court's decision on the suppression of evidence de novo. United States v. Homick, 964 F.2d 899, 903 (9th Cir.1992). Whether certain facts give rise to a reasonable suspicion is a mixed question of law and fact also subject to de novo review. United States v. Prieto-Villa, 910 F.2d 601, 604 (9th Cir.1990). Credibility determinations and other factual findings of the district court are binding upon us unless clearly erroneous. United States v. Meija, 953 F.2d 461, 464 (9th Cir.1991), cert. denied, 112 S.Ct. 1983 (1992).
 
 
 4
 The district court found that Donelson was arriving from Belize, a known narcotics transit country; that he wore loose, baggy clothing and carried only a single piece of hand-carry luggage; that he was traveling on a one-way ticket purchased with cash shortly before he departed Belize; that he offered an "implausible excuse" for traveling with such a ticket; that his passport indicated he had made two trips to Belize that year; and that he acted nervous when questioned by Inspector Lesiczka. These findings are not clearly erroneous,[2] and they amply suffice to justify a reasonable suspicion in the mind of a trained customs inspector that Donelson was carrying narcotics.
 
 
 5
 With respect to Hill, the district court found that he was arriving from a known narcotics transit country, Belize, that he was wearing loose clothing and traveling with a single piece of hand-carry luggage, that he claimed to be traveling alone even though he was traveling with Donelson, and that his one-way plane ticket had been purchased with cash on the day of the flight. Most telling, perhaps, is the fact that Donelson had already been searched and the cocaine he was carrying discovered when the inspectors determined to search Hill. These facts are uncontroverted. We have no difficulty concluding that the inspectors reasonably suspected Hill of carrying narcotics when they conducted the patdown search. Accordingly, the district court did not err in denying appellants' joint motion to suppress.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 The district court held that, as a matter of law, a patdown search is a "routine" search, and as such may be performed by a customs inspector at an international border or other point of entry without any articulable grounds for suspicion. See United States v. Montoya de Hernandez, 473 U.S. 531, 538 (1985) ("Routine searches of the persons and effects of entrants are not subject to any requirement of reasonable suspicion, probable cause, or warrant") (footnote omitted). In the alternative, the court held that, even if a patdown search cannot be considered routine, the searches at issue were justified by reasonable suspicion
 Neither the Supreme Court's decision in Montoya de Hernandez nor any circuit court opinion since squarely confronts the question whether a patdown search qualifies as part of a routine border search, permissible even in the absence of reasonable suspicion. We have concluded that the facts here supported a reasonable suspicion that Donelson and Hill were carrying narcotics, and so affirm on that basis. We thus have no need to reach the question whether patdown searches are "routine" within the meaning of Montoya de Hernandez, and leave that matter for another day.
 
 
 [2]
 Donelson contends that important "inconsistencies" between Inspector Lesiczka's declaration and his written arrest reports were overlooked by the district court. The only allegedly significant difference between the declaration and the reports is that the former states that Inspector Lesiczka thought he observed a package concealed in Donelson's pants after he was referred to the secondary inspection station, while the latter make no mention of any such observation. By itself, however, this discrepancy is far from sufficient to demonstrate clear error either in the district court's express finding that the Inspector's declaration was worthy of belief, or in its other findings of fact